UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 3:10-cv-00187 |
| W3 CONSTRUCTION, LLC | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THOMPSON GRADING, INC., and/or | ) |
| THOMPSON GRADING, LLC, | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff, W3 Construction, LLC, pursuant to Federal Rule of Civil Procedure 14, and within 14 days of its Answer, complaining of the Third-Party Defendant, alleges and says:

1. Defendant/Third-Party Plaintiff, W3 Construction, LLC is a limited liability company organized and existing under the laws of the state of South Carolina with its principal place of business in Greenville, South Carolina.

2. Upon information and belief, Third-Party Defendant Thompson Grading, Inc., and/or Thompson Grading, LLC is a corporation or limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Woodruff, South Carolina.

3. On or about January 1, 2009, Defendant/Third-Party Plaintiff and Third-Party Defendant entered into a subcontract pursuant to which Third-Party Defendant was to perform site work for a project at North Tryon Street (Highway 29) at or near Mallard Creek Church Road in Charlotte, North Carolina.

1

4. Pursuant to the subcontract, Third-Party Defendant agreed, among other things, to the following:

> "Indemnification and Insurance: Subcontractor shall indemnify and hold harmless Contractor against all liability, claims, judgments or demands for damages arising from accidents or injuries to persons or property, whether occasioned by said Subcontractor, or his agents or employees, provided said accidents occur in connection with the Subcontractor's work or are solely occasioned by said Subcontractor, or his agents or employees, in connection with other work; and the said Subcontractor will defend any and all suits which may be brought against Contractor on account of such accidents, and will reimburse Contractor for any expenditures that contractor may make by reason of such accident, including reasonable attorney's fees.
>
> The Subcontractor shall furnish to Contractor prior to the commencement of the work under this Subcontract duplicate policies of insurance and appropriate certificates of insurance evidencing insurance coverage against the aforesaid risks is in force and fully paid up, and such certificates of insurance shall indicate that Contractor has been named as additional insured for any and all jobs and work."

5. Plaintiff has filed a Complaint contending damages as a result of the cutting of plaintiff's fiber-optic cable at the job location on North Tryon Street (Highway 29) at or near Mallard Creek Church Road. A copy of plaintiff's complaint is attached hereto as **Exhibit A** and incorporated by reference.

6. Upon information and belief, an employee of Third-Party Defendant was the one who cut the Plaintiff's cable. This employee was acting within the course and scope of his employment with Third-Party Defendant.

7. If Defendant/Third-Party Plaintiff is found liable to Plaintiff for any of the damages alleged in Plaintiff's Complaint, which is denied, then upon information and belief, such alleged liability arose from the negligence and/or breach of the subcontract of Third-Party Defendant.

8. The negligence of Third-Party Defendant is as asserted in Plaintiff's Complaint and attributed to Defendant/Third-Party Plaintiff.

9. If Defendant/Third-Party Plaintiff was negligent and thereby liable to the Plaintiff, which is denied, its negligence was passive and secondary to the active and primary negligence of Third-Party Defendant.

2

10. Pursuant to the subcontract, Defendant/Third-Party Plaintiff is entitled to indemnification including for its attorney's fees.

11. Defendant/Third-Party Plaintiff has fully paid Third-Party Defendant for its services under the subcontract.

12. If Defendant/Third-Party Plaintiff is liable to the Plaintiff, which is denied, Third-Party Defendant is obligated to indemnify Defendant/Third-Party Plaintiff.

13. In the alternative, if Defendant/Third-Party Plaintiff is liable to Plaintiff, which is denied, it is entitled to contribution from Third-Party Defendant.

WHEREFORE, Defendant/Third-Party Plaintiff prays for the following:

1. That it have and recover indemnity against Third-Party Defendant.

2. That it have and recover its costs, including its reasonable attorney's fees, against Third-Party Defendant.

3. In the alternative, that it receive contribution from Third-Party Defendant.

4. For such other and further relief as prayed for in its Answer.

Respectfully submitted on this 28 day of July, 2010.

Lawrence J. Goldman
JONES, HEWSON & WOOLARD
831 E. Morehead St., Suite 560
Charlotte, NC 28202
(704) 372-6541
(704) 331-9068 (fax)
lgoldman@jhandw.com
*Attorney for Defendant W3 Construction, LLC*

3

## CERTIFICATE OF SERVICE

I, Lawrence J. Goldman, hereby certify that the foregoing Third-Party Complaint has been filed and served electronically on this the 28 day of July, 2010 upon all counsel of record and is available for viewing on the Court's ECF system.

Martin L. White
Johnston Allison & Hord, PA
1065 East Morehead Street
Charlotte, NC  28204

Brandon B. Rule
James J. Proszek
Hall Estill Hardwick Gable
  Golden & Nelson, PC
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706

_____
Lawrence J. Goldman