UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**Civil Action No. 3:10-cv-00187**

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| W3 CONSTRUCTION, LLC, THOMPSON GRADING, INC. and/or THOMPSON GRADING, LLC | )<br>)<br>)<br>) |
| Defendants, | ) **THOMPSON GRADING, INC.'S ANSWER**<br>) **TO AMENDED COMPLAINT**<br>) |
| and | )<br>) |
| W3 CONSTRUCTION, LLC, | )<br>) |
| Defendant/ Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| THOMPSON GRADING, INC. and/or THOMPSON GRADING, LLC, | )<br>)<br>) |
| Third-Party Defendant. | ) |

The Defendant/ Third-Party Defendant, Thompson Grading, Inc., answering the Amended Complaint of the Plaintiff, above named, alleges and says as follows:

1. That this answering Defendant lacks sufficient information to form a belief as to the allegations of paragraph 1 of the Plaintiff's Amended Complaint and therefore denies the same.

2. That this answering Defendant lacks sufficient information to form a belief as to the allegations of paragraph 2 of the Plaintiff's Amended Complaint and therefore denies the same.

-1-

3. That this answering Defendant lacks sufficient information to form a belief as to the allegations of paragraph 3 of the Plaintiff's Amended Complaint and therefore denies the same.

4. That this answering Defendant admits so much of the allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint as generally alleges that Thompson Grading, Inc. Is a South Carolina corporation which formerly had a principal place of business in Woodruff, South Carolina prior to filing bankruptcy proceedings. This answering Defendant lacks sufficient information concerning the remaining allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint and therefore denies them.

5. That the allegations of paragraph 5 are conclusions of law, and this answering Defendant is not required to answer the same. To the extent a response is required, this answering Defendant denies the allegations of Paragraph 5.

6. That the allegations of paragraph 6 are conclusions of law, and this answering Defendant is not required to answer the same. To the extent a response is required, this answering Defendant denies the allegations of Paragraph 6.

7. That this answering Defendant lacks sufficient information to form a belief as to the allegations of paragraph 7 of the Plaintiff's Amended Complaint and therefore denies the same.

8. That this answering Defendant admits so much of the allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint as generally alleges that MCI possessed a cable in the right-of-way of North Tryon Street, a/k/a Highway 29 in Charlotte, North Carolina. This answering Defendant lacks sufficient information concerning the remaining allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint and therefore denies them.

9. In response to the allegations of paragraph 9, this answering Defendant hereby realleges and incorporates by reference paragraphs 1 through 8 as fully and effectively as if set forth herein verbatim.

10. That this answering Defendant admits so much of the allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint as generally alleges that Thompson Grading in July of 2009 was excavating with mechanized equipment in the right-of-way of North Tryon Street at or near Mallard Creek Church Road in Charlotte, North Carolina in connection with locating services provided by MCI. This answering Defendant lacks sufficient information concerning the remaining allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint and therefore denies them.

11. That this answering Defendant admits so much of the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint as generally alleges that Thompson Grading during excavation operations in early July 2009 related to the installation of a catch basin did sever a MCI fiber optic cable that had been previously identified and marked with the assistance of MCI personnel. This answering Defendant lacks sufficient information concerning the remaining allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint and therefore denies them.

12. That this answering Defendant lacks sufficient information to form a belief as to the allegations of paragraph 12 of the Plaintiff's Amended Complaint and therefore denies the same.

13. That this answering Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Amended Complaint.

14. In response to the allegations of paragraph 14, this answering Defendant hereby realleges and incorporates by reference paragraphs 1 through 13 as fully and effectively as if set forth herein verbatim.

15. That this answering Defendant admits so much of the allegations contained in Paragraph 15 of the Plaintiff's Amended Complaint as generally alleges that Thompson Grading during excavation operations in early July 2009 related to the installation of a catch basin did sever a MCI fiber optic cable that had been previously identified and marked with the assistance of MCI personnel. This answering Defendant denies the remaining allegations contained in Paragraph 15 to include subparagraphs a-j of the Plaintiff's Amended Complaint.

16. The allegations of Paragraph 16 are not directed at this answering Defendant and therefore no response in required. To the extent a response is required, this answering Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 16 to include subparagraphs a-j.

17. That this answering Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Amended Complaint.

18. The allegations of Paragraph 18 are not directed at this answering Defendant and therefore no response in required. Further, the allegations of paragraph 18 are conclusions of law, and this answering Defendant is not required to answer the same.

19. That this answering Defendant lacks sufficient information to form a belief as to the allegations of paragraph 19 of the Plaintiff's Amended Complaint and therefore denies the same.

20. That this answering Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

That the Plaintiff has failed to take prompt and reasonable action under the circumstances to avoid the occurrence of additional damage and such failure to mitigate damages constitutes a complete defense as to that portion of damages which could have been otherwise avoided by reasonable and prompt action on the part of the Plaintiff.

**WHEREFORE**, the this answering Defendant prays the Court, as follows:

1. That Plaintiff have and recover nothing of this answering Defendant;

2. That the costs of this action be borne by some other party than this answering Defendant;

3. For a trial by jury on all issues; and

4. For such other and further relief as the Court may deem just and proper.

CLAWSON & STAUBES, PLLC

s/ Brian E. Wolfe
Brian E. Wolfe
NC Bar No.: 34297
756 Tyvola Road, Suite 130
Charlotte, NC 28217
(704) 940-9128
bwolfe@clawsonandstaubes.com
*Attorney for Defendant/ Third-Party Defendant Thompson Grading, Inc.*

Charlotte, North Carolina
24th day of January, 2011.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing pleading has been electronically filed with the Clerk of District Court using the CM/ECF system which will automatically send notification of such filing to the following :

    Martin L. White, Esquire
    Johnston, Allison & Hord, P.A.
    Post Office Box 36469
    Charlotte, North Carolina  28236
    *Attorney for Plaintiff*

    Lawrence J. Goldman, Esquire
    Jones, Hewson & Woolard
    831 East Morehead St, Suite 560
    Charlotte, North Carolina 28202
    *Attorney for Defendant/ Third-Party Plaintiff*

This the 24th day of January, 2011.

                CLAWSON & STAUBES, PLLC

                s/ Brian E. Wolfe
                Brian E. Wolfe
                NC Bar No.: 34297
                756 Tyvola Road, Suite 130
                Charlotte, NC 28217
                (704) 940-9128
                bwolfe@clawsonandstaubes.com
                *Attorney for Defendant/ Third-Party Defendant Thompson Grading, Inc.*